

FILED
MAR 04 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | **3:26 CR 97** |
| | ) | JUDGE KNEPP |
| v. | ) CASE NO. | MAGISTRATE JUDGE CLAY |
| | ) | Title 18, United States Code, |
| SIMON ANDREW TUCK, | ) | Sections 2261A(2)(B), |
| | ) | 2261(b)(5), 1038(a)(1), and |
| Defendant. | ) | 875(c) |
| | ) | |

COUNT 1
(Stalking, 18 U.S.C. § 2261A(2)(B) and 2261(b)(5))

The Grand Jury charges:

1. Beginning on or about November 15, 2025 and continuing until on or about February 20, 2026, in the Northern District of Ohio, Western Division, and elsewhere, the defendant, SIMON ANDREW TUCK, with the intent to harass and intimidate another person, P.M., an individual known to the Grand Jury, and place under surveillance with intent to harass and intimidate P.M., did use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce, including the internet, to engage in a course of conduct, including sending harassing and intimidating electronic communications to P.M. and others associated with P.M. and P.M.'s immediate family members, and submitting false complaints about P.M. to law enforcement, a sexual assault hotline, P.M.'s employer, and others, that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to P.M., P.M.'s



spouse and immediate family members, as defined in 18 U.S.C. §§ 2261A(1)(A)(i)-(iii) and 115(c)(2), in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

## COUNT 2
(False Information and Hoaxes, 18 U.S.C. § 1038(a)(1))

The Grand Jury charges:

2. On or about November 28, 2025 to on or about January 17, 2026, in the Northern District of Ohio, Western Division, and elsewhere, the defendant, SIMON ANDREW TUCK, did intentionally engage in conduct with an intent to convey false and misleading information, separate from that alleged in Counts 1 and 3, under circumstances where such information may reasonably have been believed and which indicated that an activity had taken, was taking, and would take place that would constitute a violation of chapter 113B or 44, Title 18, United States Code, to wit: the defendant submitted false reports to the Federal Bureau of Investigation alleging that P.M. was going to commit a mass casualty bombing at an airport and mass shootings, in violation of Title 18, United States Code, Section 1038(a)(l).

## COUNT 3
(Threatening Communications, 18 U.S.C. § 875(c))

The Grand Jury charges:

3. From on or about January 2026 to February 20, 2026, in the Northern District of Ohio, Western Division, and elsewhere, the defendant, SIMON ANDREW TUCK, knowingly and willfully transmitted in interstate or foreign commerce communications, separate from those alleged in Counts 1 and 2, containing threats to injure the person of another, to wit: P.M. and his children, including sending threatening communications to injure P.M. and P.M.'s children, and submitting requests to an area funeral home and two churches for information about funeral services for P.M., in violation of Title 18, United States Code, Sections 875(c).

2

COUNT 4
(Stalking, 18 U.S.C. § 2261A(2)(B) and 2261(b)(5))

The Grand Jury further charges:

4. Beginning on or about November 28, 2025 and continuing until on or about February 20, 2026, in the Northern District of Ohio, Western Division, and elsewhere, the defendant, SIMON ANDREW TUCK, with the intent to harass and intimidate C.R., an individual known to the Grand Jury, did use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce, including the internet, to engage in a course of conduct, including, but not limited to, sending harassing and intimidating electronic communications purporting to be from C.R. and C.R.'s spouse, submitting false reports to law enforcement about C.R., and posting on a website content purporting to be from C.R., that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to C.R., C.R.'s spouse and immediate family members, as defined in 18 U.S.C. §§ 2261A(1)(A)(i)-(iii) and 115(c)(2), in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

FORFEITURE SPECIFICATION

The Grand Jury further charges:

5. For the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), the allegations of Count 3 are incorporated herein by reference. As a result of the foregoing offense, SIMON ANDREW TUCK shall forfeit to the United States any property, real or personal, which constitutes, or is derived from proceeds traceable to the violations charged herein in Count 3; including, but not limited to, the following:

(a) Nine (9) thumb drives, seized on December 21, 2025;

3

(b) Apple iPad model A2197, s/n: FFLH90CBMF3M, seized on December 21, 2025;

(c) Computer tower; GEFORCE RTX, label on bottom LZAB1124, seized on December 21, 2025;

(d) Samsung S25 Ultra in clear case, IMEI's 3558 3853 3826 271 and 35708742 3826 276, seized on December 21, 2025;

(e) Acer Chromebook, s/n: NXK3YAA001317196417600, seized on December 21, 2025 from rear of vehicle;

(f) Gray Samsung Cell Phone with sticker on back showing phone information, including s/n RFGYA150APT, seized on February 20, 2026;

(g) Server from upstairs office closet-middle server rack, s/n: C9W10MZ, seized on February 20, 2026;

(h) Server from upstairs office closet-bottom server rack, s/n: FQ66CZ1, seized on February 20, 2026;

(i) Server from upstairs office closet-top server rack, s/n: FK5DGT1, seized on February 20, 2026;

(j) Desktop computer tower, s/n: 217XLCEE10221074, seized on February 20, 2026; and

(k) Lenovo Chromebook, s/n: PF9XB582061, seized on February 20, 2026.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.